UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRUCE HARVEY KAMPS,

                Petitioner,

v.

MICHELLE LAJOYE-YOUNG,

                Respondents.

_____/

Case No. 1:24-cv-1659

Honorable Jane M. Beckering

**OPINION**

Petitioner Bruce Harvey Kamps initiated this action on December 5, 2025, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner is currently awaiting trial in the Kent County Circuit Court.[1] At the time he filed the petition, he was detained in the Kent County Jail. Petitioner has since been released on bond.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[2] The Court is required to

---

[1] Petitioner is awaiting trial on charges of assaulting/resisting/obstructing a police officer, in violation of Mich. Comp. Laws § 750.81d, and operating a vehicle without a license, in violation of Mich. Comp. Laws § 257.904. *See* https://www.kentcountymi.gov/1036/Search-Court-Records (type "Bruce" for "First Name," type "Kamps" for "Last Name," enter "1950" for "Year of Birth," select "Defendant" for "Party Type," complete the reCAPTCHA verification, select "Search Criminal Cases," then select the link for Case Number 25-10395-FH to see the details of Petitioner's criminal proceedings) (last visited July 27, 2026).

[2] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.    Petitioner's claims

Petitioner begins his petition with a declaration of who he is:

> I am a man, a people of Michigan the Union State, not the corporate State of Michigan franchise of the British Crown Corporating out of the District of Columbia, that being the United States of America (Inc.). I am not a United states citizen, nor resident of the State of Michigan.

(Pet., ECF No. 1, PageID.1.) Petitioner concludes his petition with the following:

> I am owed due process under Public Law requiring a warrant or Probable Cause of crime pursuant to public law and not arrest by foreign occupation police enforcing a commercial code an[d] a public usufruct derivative of my given name created to extract value from my hereditary estate by use of ex post facts being shifted to the law of the sea, the situs of the Defendants, and by extortion and coer[c]ion making me surety underwriting the fiction.

(*Id.*, PageID.2.)

Petitioner does not describe himself as a "sovereign citizen," but in his brief, he notes that the City of Wyoming police officer that arrested him described him as such. (Pet'r's Br., ECF No. 4, PageID.6.) This Court has previously reached the same conclusion: "[a]lthough Kamps does not use the term sovereign citizen, it is clear that he adheres to some form of this ideology under which he believes that he is his own sovereign and not subject to the laws of the State of Michigan or the United States." Report and Recommendation, *Kamps v. British Crown Corporation*, No. 1:25-cv-1458 (W.D. Mich. Dec. 10, 2025) (ECF No. 6, PageID.14.) Many courts, including this one, have described sovereign citizen-type arguments as "gobbledygook." *Cromer v. Snyder*, No. 17-1502, 2017 WL 5158687, at *1 (6th Cir. Oct. 25, 2017) (noting this Court's description of Cromer's

2

complaint as "nothing more than unintelligible legalistic gobbledygook"); *see also Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (noting that "[s]uch gobbledygook approaches (if not exceeds) the level of the irrational or the wholly incredible" (internal quotation marks omitted) (collecting cases). The arguments presented here fit within that description.

## II.    Exhaustion Under § 2241

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins*, 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

Here, none of Petitioner's claims fall within any of the above-listed exceptional circumstances. As noted above, Petitioner essentially suggests that the state criminal charge is unconstitutional and seeks the dismissal of the charge. Such relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, the habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Nowhere in the petition does Petitioner indicate that he has sought relief in the state courts for his present claims. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Alternatively, the

4

state habeas corpus remedy may provide a means to obtain relief. Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies.

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253©(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253©(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

5

**<u>Conclusion</u>**

The Court will enter an Order and Judgment dismissing the § 2241 petition for lack of exhaustion, and denying a certificate of appealability.


Dated:      July 29, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge